■ JOHN STEVENS, Appellant, v. HERMAN DRESSEL TRUCKMAN, INC., et al., Respondents.— In consolidated negligence actions to recover damages for injury to person and property, plaintiff appeals from an order of the Supreme Court, Westchester County, entered July 12, 1965, which denied his motion to restore the action to the Trial Calendar. By a prior order, the action had been dismissed for plaintiff's failure to proceed to trial; a judgment was thereafter entered thereon. Order affirmed, with one bill of $10 costs and disbursements to respondents. No opinion. Beldock, P. J., Ughetta and Brennan, JJ., concur; Christ and Hopkins, JJ., concur for affirmance, but vote further to grant leave to plaintiff to move to vacate the judgment, with the following memorandum: Trial Term did not decide the merits of the application to restore the action to the calendar for trial, as it held the opinion that the court was without authority to grant such relief. However, if the court had treated the application as one to vacate a judgment for an excusable default (CPLR 5015, subd. [a], par. 1), the court could have considered the application and decided it in the exercise of discretion (cf. *Hammond* v. *City of New York*, 20 A D 2d 877; *Pugliese* v. *City of New York*, 18 A D 2d 981). The judgment dismissing the complaint was served June 18, 1964; the instant application was made June 1, 1965 and was thus within the one-year limitation stated in CPLR 5015 (subd. [a], par. 1). Defendants claim no prejudice in their opposing papers and under these circumstances we believe that Trial Term should have the opportunity to consider the application on the merits and determine it in the exercise of its discretion.